United States v. Van Sach Good morning. You're listed on this card as Mr. Patton, but that doesn't seem right. I'm Mr. Patton to tell you he's the better looking and more senior member of the office. But I'm here and with the court's permission I'll proceed. Certainly. Go ahead. May it please the court, counsel. My name's Daniel Hillis. I'm with the Federal Public Defender's Office and I represent Mr. Van Sach who received an 87-month prison sentence. While incarcerated at the notorious Thompson Prison, Mr. Van Sach punched a guard. The jury convicted him and at sentencing the district court determined that he had a total adjusted defense level of 25, a criminal history category of 3, and a resulting guideline range of 70 to 87 months imprisonment. That was wrong and the government acknowledges it and we appreciate that and in its brief at page 13 it says as much that the total adjusted defense level should have been 15 and therefore with criminal history category of 3, guideline range should have been 24 to 30 months. The government presses though for determination of harmless error and it seeks to defend the resulting sentence on that basis, but it can't. So the sort of inoculating statement that we see from time to time has been relied upon by the government, but the ABCs of inoculating statements in their successful form come in a Bass, Baker, and Carraway. In all of those cases you had a district court judge who contemplates the disputed guideline issue, accounts for it in the discussion of the sentencing, and makes a determination about why a parallel result should occur and therefore justifies the sentence with respect to the error by virtue of a complete 3553 analysis that accounts for what the contested issue is. Contested issue may be the important phrase in this because here these errors passed unnoticed and we arrived then at a position where under Asbury, which is one of the leading cases on inoculating statements, we have a circumstance where the government I believe hits a brick wall. It cannot show that the contested issue on appeal was actually contemplated and therefore it cannot show that it was accounted for in a parallel result explanation at sentencing by the district court such that this court could credit the inoculating statement to say that the sentence would have been the same regardless of the error. We have an enormous impact on the anchoring effect now of the 70 to 87 month guideline range and fashioning the sentence and because it's undisputed that the guideline error was never recognized, it was never given attention to, it was never explained in a sentencing decision by the judge, the government's harmless error contention did not prevail under this rule. Under Asbury, the error is not harmless. The anchoring effect is prominent here and we would ask the court to vacate and remand for resentencing. Thank you. Thank you. Thank you Mr. Hillis. Ms. Mavis. Thank you. Good morning, Your Honors. Jessica Mavis on behalf of the United States. May it please the court if I may proceed. Your Honors, the district court's error in using the aggravated assault guideline to calculate the defendant's guidelines range was harmless. The district court made expressly clear in the sentencing record that its selection of an 87 month sentence of imprisonment was driven by the 3553A sentencing factors. Specifically, the seriousness of the offense, the district court found that Mr. Van Satch had essentially waged war on correctional staff and instituted an attack on the very rule of law against the people entrusted to take care of him in a safe and effective manner. I can easily understand how the judge could impose the same sentence on remand. But how do you avoid a remand? As Mr. Hillis said, when a judge says, I recognize there's the following issue, I've resolved it way X, but it doesn't matter if I resolve it in a different way. That's one thing. But if the judge just doesn't see the issue, how can the judge say that an issue he never saw didn't matter? Your Honor, in this instance, the record is ripe with Judge Blakey's explicit statements about why he chose the sentence that he did and that it wasn't the guidelines range that dictated the sentence. He clearly indicated it was the 3553A factors. That being the seriousness of the offense. It's always the 3553A factors, but we reverse for guideline calculation errors all the time. More often than I'd like to think we should, but we do. Isn't the problem here, Ms. Mavis, that the range is 24 to 30? If he had pronounced this sentence this high in relation to that guideline sentence, it would be very difficult for us to say there isn't some type of discrepancy. We'd be talking about such a large gap. There would be. The difference in this case, Your Honor, is that there was no alternative sentencing guidelines range advocated for by the defendant. And ultimately, the difference in the guidelines ranges that were proposed by the government versus the defendant were contemplated. Those different scenarios were contemplated by the district court. And the district court actually sided with the defendant in finding that the punch that the defendant threw and landed on Officer Martin resulted in bodily injury. And that lowered the guidelines range to what defendant advocated for. There was nothing further proposed. And the situation is interesting in that if defendant's argument is correct, that harmless error can only result where an alternate sentencing range is contemplated by the district court. That would mean that defendants who object are given less deferential treatment than defendants who remain silent and don't object, almost encouraging defendants not to object at sentencing and save their objections for appeal. I think you may be barking up the wrong tree with that one. You otherwise want to draw us to the other factors the court considered. It seems to me one issue is that a lot of what the court did consider is already baked into the statute of offense and baked into the guidelines offense level and the specific offense characteristic it did choose. So how can the district court's explanation be the detailed and parallel result that our case law looks for when a court, you know, utters one of these inoculating statements? In this instance, Judge Blakey's inoculating statement, so to speak, is very distinct from a conclusory statement thrown in for good measure. And so, the statement... Let's go with that. Let's look at the statement he made. Where is the detail? Can you point to the specific words in his statement that is the detail, the requisite detail we're looking for, and not a generic disclaimer of all possible errors? Yes, Your Honor. So in Judge Blakey's statement, and this is in Appendix 44, that should be... We know the statement. Thank you. The district court stated it gave significant weight to three specific 3553 factors. Seriousness of the offense, the need for just punishment, and specific deterrence. Characterizing defendant's conduct as waging a war on the... No, I'm talking about specific detail in his inoculating statement. In his inoculating statement? The court specifically stated that, I want to note for the record, having considered the factors, the sentence I am about to impose would be the same, even if the guideline calculation was a little bit different. Was a little bit different is the problem. We've gone from 24 to 30 to 70 to 87. Understand, Your Honor. The issue in this case, though, is that there was no difference. And in the context of defendant's argument, defendant proposed no different guidelines calculation. And in fact, the guidelines calculation advocated for by defendant, which he did not object to and asked for, is what the court agreed with. The court had a full picture of the facts. The court provided in the trial. The court considered all of the facts as advanced by defendant, sided with defendant, finding that it was the bodily injury, not serious bodily injury, as advanced by the government. The ultimate decision here by the court to impose a sentence of 87 months imprisonment was in line with the defendant's argument and what was advocated for at sentence. A remand would serve no purpose. Is there a downside, Ms. Mavis, here to the government confessing error? I don't think there's a downside to being truthful and honest, Your Honor. The government agrees that the guideline selection was wrong, but the sentence of the court can survive reversible error, does not fall within the realm of reversible error because of cases like Carraway and Baker and Abbas. And those cases tell us that a judge who puts on the record and makes clear for this court the reasons for imposing a sentence, even when the guidelines calculation has been wrong or procedurally incorrect, that the sentence can still be upheld and affirmed when the court makes very explicit, clear statements like we have in this case made by the district court. If there are no further questions, the government would ask that this court affirm the decision of the district court. Thank you. Thank you. Thank you, counsel. Anything further, Mr. Hillis? Briefly, I applaud the government for confessing error on this. It could have defended the calculation. It would have. And I think the appropriate thing is always to find out what the truth of the matter is. And here the truth of the matter was that the guideline... Mr. Hillis, one is inclined to think that you think the confession of error is appropriate in every case. I would encourage more of them. You may feel differently. So, with that, the determination, though, we're off by 10 levels. It's a huge amount. It's not a small thing. Every case the judge considers the 3553A factors. If extensive reliance on 3553A factors was the magic potion, Asbury would have turned out differently. So, we need to have an effective inoculating statement which satisfies the two-part analysis. Government is unable to point to that. Judge Jackson, you noticed this and the question is an apt one. So, at page 44, I would go a little bit further and say the judge seems to be cautioning the government about an appeal because the government is the one that sought the greater guideline range than what was determined. So, they wanted the more significant injury and the judge said my sentence would have been the same even if I had called that differently. That doesn't seem like a signal to the defense in any regard. That seems like it's directed towards the government. So, as far as the benefit of remaining silent like it was a calculated thing, I don't see that because we run headlong into plain air review which is never helpful. We have waiver problems sometimes and the government offers waiver and they are not shy about that. So, I see that it was just a miss and the government is correct to come up today and say that there was the problem in the calculation. But I think that they are wrong to say that you can make a determination of harmless error given what the precedent is because if the harmless error analysis was the appropriate course, I don't see how Asbury could be a correct decision and yet I don't see that them citing Asbury in their brief or asking it to be overturned by the panel via 40E or on bonk or anything of the sort that it might press for. It's just something that I think is out of the government's reach in this case. I have nothing further. Thank you very much. The case is taken under advisement.